IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROSEMARY L. JIMENEZ | * | |
| | * | |
| v. | * | Civil No. JFM-06-3228 |
| | * | |
| MICHAEL J. ASTRUE, ET AL. | * | |
| ****** | | |

MEMORANDUM

Plaintiff has brought this *pro se* action for employment discrimination.  Defendants have filed a motion to dismiss or for summary judgment.  After being given long extensions of time to respond to the motion and after having been advised of the consequences of a failure to do so, plaintiff has not responded to the motion.

The motion will be granted. Only a very brief discussion of plaintiff's claims is warranted.

   A.   Removal From Federal Service.

This claim is barred by *res judicata*.  It is the same claim previously dismissed by this court for lack of subject matter jurisdiction.  *See Jimenez v. Barnhardt*, No. 06-1446, 2006 WL 3781165, at *1 (D. Md. Dec. 20, 2006).

   B.   All Claims Against Neil McPhie and Linda Springer.

Plaintiff has alleged no facts stating a claim over either of these defendants or providing a basis for this court to exercise jurisdiction over them.

   C.   All Claims Based Upon Alleged Disability.

Plaintiff has provided no evidence on the summary judgment record to support her allegation that she suffers from any disabilities that substantially limit any of her major life activities.  Such evidence is an essential element of a disability claim.  *See Toyota Motor Mfg.*

*Ky. v. Williams*, 534 U.S. 184, 200 (2002).

     D.  <u>Claims Relating to (1) SSA's Alleged Failure To Conduct An Objective Investigation of Plaintiff's Altercation With Beatrice Weathers, (2) SSA's Recommendation That Plaintiff Seek EAP Counseling, (3) SSA's Alleged Failure To Provide Plaintiff With Information And Leaving Her Out Of Meetings, and (4) SSA's Alleged Failure To Deny Plaintiff Training Opportunities And Special Job Assignments.</u>

     None of these claims result to "ultimate" employment decisions and therefore do not give rise to an employment discrimination claim. *See generally Page v. Bolger*, 645 F.2d 227, 233 (1980).  Moreover, the record establishes that (1) SSA did conduct an appropriate investigation of the incident involving plaintiff and Ms. Weathers, (2) plaintiff's conduct fully warranted SSA's referral of her to EAP counseling, (3) SSA did not leave plaintiff out of meetings or withhold information from her, and (4) SSA did not deny plaintiff training opportunities or special job opportunities made available to plaintiff's coworkers.

     E.  <u>Issuance of Reprimand As The Result of Plaintiff's Interactions With Ms. Weathers.</u>

     As just stated, the record establishes that SSA conducted a complete investigation of the incident involving plaintiff and Ms. Weathers.  There was ample evidence to support SSA's conclusion that plaintiff was at fault.  Therefore, its decision to reprimand plaintiff was fully warranted.

     F.  <u>Failure To Promote Plaintiff To VAN V-327 and VAN V-329.</u>

     The record establishes that plaintiff was not chosen for these promotions because she was not the best qualified person for the job.

     A separate order treating defendants' motion as one for summary judgment and granting it as such is being entered herewith.

Date: November 20, 2007        /s/
                               J. Frederick Motz
                               United States District Judge